IN THE

## SUPREME COURT

OF THE

# STATE OF ARKANSAS,

**In January Term, A. D. 1842, being the sixty-sixth year of our Independence.**

---

### In the matter of BEARD.

The Supreme Court has full power to issue writs of habeas corpus, and to try and determine the same.

But the petition must exhibit a properly certified copy of the warrant, order, or process, by which the prisoner is restrained of his liberty, or show that the demand could be made for it, or has been made and refused.

And if it merely states that prisoner stands indicted for murder, and that there has been a mis-trial, and exhibits a copy of the indictment, the petition will be refused.

THIS was a petition for a habeas corpus, by *William Beard,* indicted for murder in the Bradley Circuit Court.

*Fowler, Trapnall and Cocke,* for the petitioner.

*R. W. Johnson, Atto. Gen.,* contra.

*By the Court,* LACY, J. Whether or not a person is entitled to bail, after the finding of an indictment for murder, by a grand jury, is a question of no ordinary import or interest, and one upon which we express no opinion, as that point is not, now, properly before us. That this court has full power to issue writs of habeas corpus, and to try and determine the same, cannot be denied, provided the party applying shows that he is legally entitled to the benefit, and brings himself within the provisions of the statute regulating the proceedings

2

in such cases. According to the requisitions of the act, the prisoner, or some competent person in his behalf, must apply to the person having him in custody, for a copy of the warrant, order, or process, by which he is detained in prison, or he must show that he has demanded a copy of the causes of such committal, and that it has been refused him. *Rev. Statutes, p. 434, sec. 5.*

The showing, in the present instance, is wholly defective, in these particulars: It exhibits no properly certified copy of the warrant, order, or process, by which the prisoner is restrained of his liberty; nor does he show that no demand could be made for such copy, or that it has been refused. The affidavit accompanying the petition merely states that the prisoner stands charged upon an indictment for murder, and that there has been a mis-trial before a traverse jury; and he accompanies this statement with a paper purporting to be the copy of the indictment furnished the prisoner on the trial. Such a showing is wholly defective, as it does not comply with the requisites of the habeas corpus act.

Application denied.