HALLER *v.* RATCLIFFE.

4-8964                                        221 S. W. 2d 886

Opinion delivered June 27, 1949.

*Warren E. Wood* and *Griffin Smith, Jr.,* for petitioner.

*Ike Murry,* Attorney General and *John Williams* and *Francis W. Wilson,* Assistant Attorneys General, for respondent.

GEORGE ROSE SMITH, J. Petitioner is the mother of a four-month-old boy whose custody is involved in this proceeding. On March 18, when the baby was less than a month old, petitioner signed and verified a pleading by which she entered her appearance in the probate court and agreed to the appointment of a guardian for the child, the guardian to have power to consent to the child's adoption. Ark. Stats. (1947), §§ 56-120 and 45-210—45-217. On May 3 the respondent, a supervisor of the Child Welfare Division, filed an *ex parte* petition in the Pulaski Probate Court and was appointed guardian.

Later in the same day petitioner applied to the chancery court for a writ of habeas corpus, alleging that re-

spondent was illegally detaining the child. In her answer Mrs. Ratcliffe relied upon her letters of guardianship to justify her custody. At a hearing in the chancery court the probate petition and order were introduced in evidence. It was stipulated that petitioner's verified entry of appearance had been exhibited to the probate court but had not been made part of the record. Petitioner offered to prove that she had revoked this instrument before the guardian was appointed, while the respondent offered to show that there had been no revocation. The chancellor took the view that the controversy should be presented to the probate court and accordingly dismissed the case. Petitioner brings it to us by certiorari, the established method by which we review habeas corpus proceedings. *Johnston* v. *Lowery*, 181 Ark. 284, 25 S. W. 2d 436.

Petitioner's basic premise is that the *ex parte* proceeding in the probate court was void because she was not made a party. She argues that the chancellor should have disregarded the probate court order and cites our cases holding that upon collateral attack the recitals of a judgment cannot be impeached by extrinsic evidence. In those cases, however, the judgments under attack were prima facie valid, the extrinsic evidence being offered to prove invalidity. Here the judgment is apparently void for want of personal jurisdiction, and petitioner's entry of appearance is relied upon to supply this defect. If the rule advanced by petitioner applies to this situation, the rather novel consequence is that the probate court order is void upon collateral attack and yet may withstand a direct attack—the converse of the usual condition. We find it unnecessary, however, to decide this issue, for the decision may rest on a broader ground.

The writ of habeas corpus, while a matter of right in the sense that its availability is guaranteed by the Bill of Rights, nevertheless does not issue as a matter of course. It is an extraordinary remedy, to be invoked when no other effective means of relief is at hand. This petitioner has a complete remedy in the probate court. Under our statutes she may file her complaint in that

court to set aside the order of guardianship. Ark. Stats. (1947), § 29-506. It is suggested that this procedure would not give petitioner immediate custody of her son, but the answer is that the probate court is one of superior jurisdiction and has power under the Civil Code to grant provisional remedies preventing great or irreparable injury to the complainant. *Ibid.*, §§ 27-103, 27-108, and 32-103. The chancellor was therefore right in declining to entertain a controversy that can better be determined by the court in which it arose.

The petition is dismissed, without prejudice to further probate proceedings.

Griffin Smith, C. J., not participating.