MORRIS *v.* STATE.

4893                                        313 S. W. 2d 241

Opinion delivered May 19, 1958.

*James P. Baker, Jr.,* for petitioner.

*Bruce Bennett,* Attorney General and *Thorp Thomas,* Ass't Attorney General, for respondent.

PER CURIAM. Petitioner, Morris, with a record behind him of many forgery convictions, is now serving a long term in the Arkansas State Penitentiary on pleas of guilty, in the Phillips Circuit Court, to the felony charges of forgery and uttering. Following the filing of his petition for writ of *habeas corpus* in an original action here, this court appointed able counsel to file brief here in petitioner's behalf, and this has been done.

We hold that applicant's petition must be denied. If he is proceeding under Act 419 of 1957 (now Secs. 43-3101—3110, Ark. Stats. 1947) and conceding without deciding the constitutionality of this act, then we can afford him no relief for the reason that he has not com-

plied with the procedural provisions of that act in that he did not first file a verified petition with the clerk of the court in which the convictions took place, and no action on any petition appears to have been taken in this connection by the trial court. *Sec.* 2 of the Act (Ark. Stats. Sec. 43-3102) provides: ''The proceeding is commenced by filing a petition verified by the petitioner with the clerk of the court in which the conviction took place.'' *Sec.* 6 of the act (Sec. 43-3106 Ark. Stats.) provides: ''The petition shall be heard in the court in which the conviction took place and before any judge thereof.'' *Sec.* 8 of the act (Sec. 43-3108 Ark. Stats.) contains this language: ''A final judgment entered under this act (Secs. 43-3101—43-3110) may be reviewed by the Supreme Court of this state on appeal, brought by either the petitioner or the state within six (6) months from the entry of the judgment. (Acts 1957, No. 419, Sec. 8 p. 1165).''

The record further shows that petitioner did not allege in his petition that the Phillips Circuit Court, in which he was convicted and sentences imposed for forgery and uttering, was without jurisdiction to try him on the charges. This court has repeatedly held that ''Where a petitioner for *habeas corpus* is in custody under process regular on its face nothing will be inquired into save the jurisdiction of the court whence the process came.'' *State, ex rel. Att'y General* v. *Auten, Judge,* 211 Ark. 703, 202 S. W. 2d 763. Since petitioner does not allege here that the Phillips Circuit Court was without jurisdiction his petition cannot be considered by this court, his remedy was by appeal to this court, which he failed to prosecute.

Accordingly, the petition for writ of *habeas corpus* is denied.