PER CURIAM.
This appeal by the State seeks reversal of the trial court’s order dismissing all criminal charges against appellee because of the failure to afford him a speedy trial in accordance with Criminal Procedure Rule 3.191, 33 F.S.A.
The only relevant facts of this case are that appellee was arrested on July 13, 1973, and incarcerated in the Volusia County Jail. On July 24, 1973, appellee filed a motion for speedy trial. On August 20, 1973, 38 days after h'is arrest, a direct information was filed charging appellee with the crimes of sale and possession of LSD. On October 2, 1973, seventy (70) days after his demand, appellee filed a pro se motion to dismiss the charges pending against him, claiming lack of a speedy trial. On October 10, 1973, after a hearing, the trial court ordered that all criminal charges against appellee be dismissed “for the reason that the Defendant has not been afforded his right to a Speedy Trial as set forth in Florida Rules of Criminal Procedure 3.191(a)(2).”
The State contends that the demand for a speedy trial filed by appellee was a nullity inasmuch as the demand was filed thirty-one days before appellee was charged by an information. Various cases are cited by the State starting with State ex. rel. Hanks v. Goodman, 253 So.2d 129 (Fla.1971), for the proposition that a demand for speedy trial within 60 days may only be filed by a criminal defendant after he has been formally charged with a crime by indictment or information. We are bound by these pronouncements and, thus, insofar as the trial judge construed the motion for speedy trial to have been timely made, we must hold that he erred.
However, in accordance with the opinion of this Court written by Judge Boyer in State v. Hill, 299 So.2d 625 (dated June 18, 1974), we hereby construe the motion for discharge filed by the defendant in proper person (which followed the motion for speedy trial) as a petition for writ of ha- *505 beas corpus. We therefore cannot say, in light of the facts before us, that the trial judge erred in his ultimate disposition of this case — ordering the release and discharge of the appellee.
Accordingly, the order appealed herein is affirmed.
RAWLS, C. J., and JOHNSON, J., concur.
SPECTOR, J., dissents.