330

Michael Lynn BRYANT, et al. *v.*
R. Wayland RUFF, et al.

90-260 798 S.W.2d 417

Supreme Court of Arkansas
Opinion delivered October 10, 1990

*Ralph Patterson*, for petitioners.

*William R. Bullock*, for respondents.

PER CURIAM. The petitioners seek a writ of mandamus ordering the Conway County Election Commission to place a wet-dry issue, "For or Against" the selling of alcoholic beverages, on the general election ballot for Austin Township. It is contended that the commission has refused to place the issue on the ballot because such an election may be conducted only one time every four years. Ark. Code Ann. § 3-8-208(c) (1987).

It is alleged that the issue was the subject of a special election conducted pursuant to a 1988 order of a federal court, but that that election should not count as one having been conducted within the preceeding four years because it was a special election not contemplated by Arkansas election laws.

Mandamus was sought and denied in the Conway County Circuit Court. The record of that proceeding has been provided with this petition. This is a case where our jurisdiction is in fact appellate though in form original as contemplated by Rules of the Arkansas Supreme Court and Court of Appeals 16(a). The

circuit court denied the petition on the ground that an election had been conducted within the the last four years.

 We also deny the petition. As we wrote in *State* v. *Craighead County Board of Election Commrs.*, 300 Ark. 405, 779 S.W.2d 169 (1989):

> Mandamus is traditionally regarded as a remedy to be used on all occasions where the law has established no specific remedy, and justice and good government require it. *Ex parte Trapnall*, 6 Ark. 9 (1845). It is a writ which is used to enforce an established right. *Gregg* v. *Hartwick*, 292 Ark. 528, 731 S.W.2d 766 (1987).

The petition in this case raises a question which is not clearly answered in our statutes, and as far as we know, it has not been litigated previously. The right the petitioners seek to assert is not one we may regard as established.

The denial of this petition does not foreclose the petitioners from raising the issue of the interpretation of our election statutes with respect to the question presented here in an action for a declaratory judgment or other proper proceeding in the future.

Petition denied.

HAYS AND TURNER, JJ., not participating.