Sedric Maurice SIMPSON *v.* SHERIFF OF
DALLAS COUNTY, Arkansas

CR 98-423                                          968 S.W.2d 614

Supreme Court of Arkansas
Opinion delivered May 14, 1998

*Robert N. Jeffrey*, Public Defender, for appellant.

*Tom Wynne*, Prosecuting Att'y, for appellee.

PER CURIAM. Sedric Maurice Simpson has petitioned this Court for a writ of *habeas corpus* based on his alleged unlawful detention in violation of Ark. R. Crim. P. 28.1(a). We must decide whether a pretrial detainee may claim a violation of Rule 28.1(a) through a petition for a writ of *habeas corpus* filed in this Court and, if so, whether Mr. Simpson is in fact being detained in violation of that rule. We hold that a pretrial detainee may seek a writ of *habeas corpus* in this Court, following an adverse ruling below, for the purpose of determining whether he or she is being detained in violation of Rule 28.1(a). We conclude, however, that Mr. Simpson's detention does not violate Rule 28.1(a) and that he, therefore, is not entitled to the writ.

Mr. Simpson and Ezekiel Thomas Harrison, Jr., were arrested on June 20, 1997, in connection with the deaths of Wendy Lynn Pennington and Lena Sue Garner. An information was filed in the Dallas County Circuit Court on September 5, 1997, charging Mr. Simpson and Mr. Harrison each with two counts of capital murder and two counts of aggravated robbery. Since his arrest, Mr. Simpson has remained in the Dallas County Jail awaiting trial.

On March 23, 1998, Mr. Simpson filed a motion in the Circuit Court asserting that, as he had been incarcerated for more than nine months without having been brought to trial, he was entitled by Rule 28.1(a) to be released on his own recognizance subject to an order to appear for trial on May 26, 1998. Under Rule 28.1(a), "[a]ny defendant charged with an offense in circuit court and incarcerated in a city or county jail in this state pending trial shall be released on his own recognizance if not brought to trial within nine (9) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3."

The Circuit Court denied the motion at the conclusion of a hearing held on April 7, 1998. Mr. Simpson then filed in this Court a petition for a writ of *habeas corpus* directing the Dallas County Sheriff to discharge him from custody pursuant to Rule 28.1(a).

### 1. Habeas corpus

As a threshold matter, we must determine whether a pretrial detainee who claims that his detention violates Ark. R. Crim. P. 28.1(a) may raise that claim in this Court through a petition for a writ of *habeas corpus* after having pursued the claim in a trial court unsuccessfully. We hold that he may.

#### a. Jurisdiction

In response to the petition, the Sheriff suggests that we lack jurisdiction to consider it. Without citation to authority, the Sheriff argues that Mr. Simpson's action "is an original proceeding for a writ of habeas corpus" and that "jurisdiction for an original proceeding for a writ of habeas corpus lies in Circuit Court."

■ Article 7, § 4, of the Arkansas Constitution, in the following passage, confers on this Court the authority to entertain and grant petitions for writs of *habeas corpus* filed here originally:

> The Supreme Court . . . shall have a general superintending control over all inferior courts of law and equity; and, in aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error and supersedeas, certiorari, *habeas corpus*, prohibition, mandamus and quo warranto, and, other remedial writs, and to hear and determine the same. Its judges shall be conservators of the peace throughout the State, and shall severally have power to issue any of the aforesaid writs.

Ark. Const., Art. 7, § 4 (emphasis added). *See also State ex. rel. Arkansas Industrial Co. v. Neel*, 48 Ark. 283, 3 S.W. 631 (1886); *In re Beard*, 4 Ark. 9, 4 Pike 9 (1842)("That this court has full power to issue writs of habeas corpus, and to try and determine the same, cannot be denied . . . .").

■ We note, as well, that a *habeas corpus* statute allows members of this Court to issue the writ "upon proper application" and further provides that the power of this Court "to issue writs of habeas corpus shall be coextensive with the state." Ark. Code Ann. § 16-112-102(a)(1) (1987). Although the nature of our jurisdiction may "in form" be "original," it is "in fact appellate." Ark. Sup. Ct. R. 6-1(a). *See also Bryant v. Ruff*, 303 Ark.

330, 798 S.W.2d 417 (1990); *Estes v. Masner,* 244 Ark. 797, 427 S.W.2d 161 (1968).

A summary review of our cases reveals that Mr. Simpson's is not the first *habeas* petition to be filed, and considered, in this Court as an original action. *See, e.g., In re Rook v. Sheriff,* 323 Ark. 443, 914 S.W.2d 316 (1996); *Renton v. State,* 265 Ark. 223, 577 S.W.2d 595 (1979); *Morris v. State,* 229 Ark. 77, 313 S.W.2d 241 (1958); *Ex parte Robins,* 15 Ark. 402 (1855); *Ex parte White,* 9 Ark. 222, 4 Eng. 222 (1848).

### b. Propriety of the writ

That we have jurisdiction to consider Mr. Simpson's petition for a writ of *habeas corpus* does not answer the question whether we *should* issue the writ to remedy a pretrial detention in violation of Ark. R. Crim. P. 28.1(a). As best we can tell, this is an issue of first impression for this Court.

■ According to Ark. Code Ann. § 16-112-103(a) (1987),

[t]he writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) [including members of this Court] to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he is *detained without lawful authority* or is imprisoned when by law he is entitled to bail. [Emphasis added.]

As Mr. Simpson does not seek the writ on the ground that he is entitled to bail, *see Renton v. State, supra; City of Clinton v. Jones,* 302 Ark. 109, 111, 787 S.W.2d 242, 244 (1990), the question is whether the claim of a pretrial detainee of detention in violation of Rule 28.1(a) suffices as a claim of detention "without lawful authority" within the meaning of § 16-112-103(a).

As mentioned, we have found no case in which we have considered the availability of the *habeas corpus* remedy to a pretrial detainee held in violation of Rule 28.1(a). We once said in an *obiter dictum* that, "if a judge refuses to release a defendant after nine months as provided in the rule, the remedy is to seek a writ of mandamus from this court." *Jackson v. State,* 290 Ark. 375, 386, 720 S.W.2d 282, 287 (1986). We have not, however, dis-

cussed whether a detention in violation of that rule qualifies as detention "without lawful authority" as that phrase is used in § 16-112-103(a) and as it applies to a judge or another person or officer, such as a sheriff.

In the "typical" *habeas corpus* case, the petitioner files his or her request for relief after he or she has been tried for an offense, convicted, sentenced, and then incarcerated, through a formal judgment and commitment order, in a correctional facility. In that context, we invariably decline to view the petitioner's detention as one "without lawful authority," and thus deny the *habeas* petition, unless (1) the commitment or judgment of conviction is invalid on its face, or (2) the court that committed the petitioner lacked jurisdiction over the cause. *See, e.g., Sawyer v. State*, 327 Ark. 421, 422, 938 S.W.2d 843, 844 (1997); *Davis v. Reed*, 316 Ark. 575, 577, 873 S.W.2d 524, 525 (1994). As we often say in those cases, "an application for habeas corpus cannot be made to perform the function of an appeal, or writ of error, in correcting errors and irregularities at the trial." *Mitchell v. State*, 233 Ark. 578, 581, 346 S.W.2d 201, 203 (1961). *See Goodman v. Storey, Sheriff*, 221 Ark. 308, 254 S.W.2d 63 (1952).

Mr. Simpson is, however, in a position different from the *habeas* petitioner ordinarily encountered. He has not been tried or convicted. He has not been sentenced, and he has not been "committed" to a correctional facility by way of a judgment and commitment order. There is no commitment order or judgment of conviction, and thus we cannot determine whether such documents are "valid on their face," and there is no suggestion that the Dallas County Circuit Court "lacks jurisdiction over the cause." Mr. Simpson claims only that his detention in the Dallas County Jail is unlawful because he has been held there for more than nine months without having been brought to trial.

Chief Justice John Marshall once referred to the writ of *habeas corpus* as the "great writ," *Ex parte Bollman*, 4 Cranch 75, 95 (1807), and the writ "has been for centuries esteemed the best and only sufficient defence of personal freedom." *Ex parte Yerger*, 8 Wall. 85, 95 (1869). Justice George Rose Smith observed nearly fifty years ago that the "extraordinary remedy" of the writ of

*habeas corpus* may "be invoked when no other effective means of relief is at hand." *Haller v. Ratcliffe*, 215 Ark. 628, 629, 221 S.W.2d 886, 887 (1949).

That is the case here. A detainee who is held in violation of Rule 28.1(a) has no way of obtaining appellate review of a trial judge's adverse ruling on his or her motion for release unless we allow the detainee to bring in this Court a petition for an extraordinary writ. As our cases make clear, a person held in violation of Rule 28.1(a) is only entitled to release on his or own recognizance, not dismissal of the charges or absolute discharge. *Green v. State*, 313 Ark. 87, 91, 852 S.W.2d 110, 112-13 (1993); *Brawley v. State*, 306 Ark. 609, 614, 816 S.W.2d 598, 601 (1991) (Dudley, J., concurring); *Jurney v. State*, 298 Ark. 91, 93, 766 S.W.2d 1, 2 (1989).

Hence, if the trial judge erroneously denies the detainee's request for release under Rule 28.1(a), and the detainee is then tried and convicted and does not challenge the trial judge's release decision until his or her direct appeal, the issue would be moot. In that situation, the detainee would have no way to enforce the right to release guaranteed by Rule 28.1(a). As we have held, an "[a]lleged violation of Rule 28.1(a) is not a basis for reversal." *Matthews v. State*, 313 Ark. 327, 332, 854 S.W.2d 339, 342 (1993). *See also Jackson v. State,* 290 Ark. at 386, 720 S.W.2d at 287 (stating violations with respect to bail and release matters "are not the sort for which we will reverse an otherwise valid conviction"), *citing Orsini v. State*, 281 Ark. 348, 665 S.W.2d 245 (1984).

Thus, absent a rule allowing a petitioner in Mr. Simpson's position to seek a writ of *habeas corpus* in this Court, there is, in Justice George Rose Smith's words, "no other effective means of relief . . . at hand." *Haller v. Ratcliffe, supra.* We remain mindful of our *obiter* suggestion in *Jackson v. State, supra,* that the remedy of a pretrial detainee who is denied release under Rule 28.1(a) is to seek a writ of *mandamus* to the trial judge in this Court. We have no reason to hold that the possible availability of *mandamus* to a trial judge forecloses the availability of the writ of *habeas corpus* to a detainee in Mr. Simpson's position.

We note with approval the many decisions from other jurisdictions allowing a pretrial detainee to seek a writ of *habeas corpus* in an appellate court following a trial court's refusal to release him or her pursuant to "own recognizance" release provisions similar to our Rule 28.1(a) or other "speedy-trial" provisions. *See, e.g., Beicke v. Boone,* 527 So.2d 273 (Fla.App. 1 Dist. 1983); *Owens v. Duryee,* 285 Or. 75, 589 P.2d 1115 (1979); *State v. Hill,* 299 So.2d 625 (Fla.App. 1 Dist. 1974); *State v. Gundell,* 298 So.2d 504 (Fla.App. 1 Dist. 1974).

A thoughtful treatment of this issue appears in the New York Court of Appeals decision in *People ex rel. Chakwin v. Warden, New York City Correctional Facility, Rikers Island,* 63 N.Y.2d 120, 480 N.Y.S.2d 719, 470 N.E.2d 146 (1984). The release provision at issue in the *Chakwin* case provided for the detainee's release on bail or upon his own recognizance if the State was not ready for trial within 90 days after the detainee's arrest. The detainee was allowed to commence *habeas* proceedings in the Court of Appeals for the purpose of reviewing the trial judge's adverse release decision. The Court observed that, unless the detainee were allowed to seek the writ there, he would have

> no way to effectively appeal an adverse ruling. Obviously, once the defendant's case is tried the legality of his pretrial detention is mooted and the relief guaranteed by CPL 30.30 (subd. 2) would be academic on direct appeal from a judgment of conviction. Thus, the present situation is one where "[d]eparture from traditional orderly proceedings, such as appeal, should be permitted . . . by reason of practicality and necessity . . . ."

470 N.E.2d at 148. The New York courts continue to follow the rule announced in the *Chakwin* case. *See, e.g., People ex rel. Zoli v. Warden, New York City Correctional Facility,* 236 A.D.2d 643, 654 N.Y.S.2d 668 (A.D. 2 Dept. 1997); *People ex rel. Greenstein v. Sheriff of Schenectady County,* 220 A.D.2d 190, 645 N.Y.S.2d 339 (A.D. 3 Dept. 1996).

We hold that, when a pretrial detainee has moved in the trial court for his release under Rule 28.1(a), and that motion is denied, the detainee may then file in this Court a petition for *habeas corpus* seeking his or her release under that rule.

## 2. *Ark. R. Crim. P. 28.1(a)*

As to the merits of Mr. Simpson's petition, we conclude the Circuit Court was correct in declining Mr. Simpson's motion to be released in accordance with Rule 28.1(a). The Rule requires a defendant "charged with an offense in circuit court and incarcerated in a city or county jail in this state pending trial" to be "released on his own recognizance if not brought to trial within nine (9) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3." According to Rule 28.2(a), the nine-month period commenced on June 20, 1997, the date of Mr. Simpson's arrest. The nine-month period expired on March 20, 1998, and Mr. Simpson is still being detained in the Dallas County Jail and has not been brought to trial. Thus, "the burden is upon the State to show that the delay was the result of the defendant's conduct or was otherwise justified." *Bradford v. State*, 329 Ark. 620, 622, 953 S.W.2d 549, 550 (1997).

The State has satisfied its burden. Mr. Simpson has filed numerous pretrial motions, many of which are still under advisement in the Circuit Court. According to Rule 28.3(a), the time in which a pretrial motion is held under advisement, up to 30 days, may be excluded in computing the time for trial. *See State v. McCann*, 313 Ark. 286, 288-89, 853 S.W.2d 886, 888 (1993); *Matthews v. State*, 313 Ark. 327, 332, 854 S.W.2d 339, 342 (1993).

The Circuit Court determined that 68 days should be excluded from the speedy-trial calculation and charged against Mr. Simpson. The pretrial motions filed by Mr. Simpson appear in the record and are stamped with the date of their filing. Our own calculations based on the record indicate the Circuit Court was correct in excluding at least 68 days from the detention time for purposes of the rule. Mr. Simpson thus remains within the nine-month period that commenced on June 20, 1997, and his detention is not in violation of Rule 28.1(a).

Writ denied.

ARNOLD, C.J., GLAZE, J., and CORBIN, J., concur in part and dissent in part.

TOM GLAZE, Justice, dissenting in part; concurring in part. The *per curiam* is mistaken when it says Sedric Simpson could be entitled to a petition for writ of *habeas corpus* to determine if a speedy-trial violation occurred. He has had a proper hearing on that issue and was denied that relief. The record clearly reflects that, on September 5, 1997, Simpson was charged with two counts of aggravated robbery. The probable-cause affidavit averred that, during a store robbery, Simpson used a twelve-gauge shotgun to shoot two women to death. He admitted to another person that he had "just blown away two bitches."

Based upon a finding of probable cause for detention, an Ark. R. Crim. P. 8.3 hearing was held where a judge determined that Simpson should be detained without bail. Subsequently, Simpson filed forty motions, seeking various forms of relief, finally ending with a speedy-trial motion on March 23, 1998 — about six months and seventeen days after he was charged, and nine months and three days from his arrest. At a hearing on April 7, 1998, the circuit court ruled, after considering Simpson's numerous motions, that a *minimum* of sixty days were excluded and that no speedy-trial violation occurred.

In sum, the record clearly reflects the court had jurisdiction of this case and the order committing Simpson to incarceration is facially valid. For this reason alone, Simpson is not entitled to *habeas corpus* relief. *See Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). Neither would Simpson be entitled to a petition for writ of prohibition. He had a hearing on his speedy-trial motion before the circuit court, and the proof is abundantly clear that Simpson's own actions were responsible for causing a delay of his trial. If Simpson has any relief in these circumstances, it is by an appeal from the circuit court's ruling. Simpson's filing a petition for writ of *habeas corpus* here is merely another example of needless delay caused by his own action. In fact, the record shows the circuit court has

done all it can to get this case to trial, but its greatest obstacle in doing so has been the motions filed by Simpson.

In conclusion, I repeat the *per curiam*'s statement that the majority "found no case in which [the court] had considered the availability of the *habeas corpus* remedy to a pretrial detainee held in violation of Rule 28.1(a)." I strongly suggest the reason is because *habeas corpus* is inappropriate for all the reasons stated above. The *per curiam* opinion attempts to widen the effect of this ancient extraordinary writ to fit speedy-trial issues, and the writ's purpose is much too narrow, as our case law has steadfastly held. *Id.* Thus, while I would deny *habeas corpus* relief in this case, I do so for reasons vastly different from those given in the *per curiam*.

ARNOLD, C.J., and CORBIN, J., join this opinion.