SLIP OPINION



Cite as 2014 Ark. 225

# SUPREME COURT OF ARKANSAS

No. CV-13-492

| | |
|---|---|
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLANT | **Opinion Delivered** May 15, 2014<br><br>APPEAL FROM THE LEE COUNTY CIRCUIT COURT<br>[NO. 39CV-13-83] |
| V. | |
| ULONZO GORDON<br>APPELLEE | HONORABLE RICHARD L. PROCTOR, JUDGE<br><br><u>REVERSED AND REMANDED</u>. |

**KAREN R. BAKER, Associate Justice**

On June 16, 1995, a Crittenden County jury convicted appellee, Ulonzo Gordon, of capital murder and sentenced him to mandatory life without the possibility of parole. We affirmed his conviction, as well as the sentences and convictions of his two codefendants in *Cooper v. State*, 324 Ark. 135, 919 S.W.2d 205 (1996), overruled on other grounds by *MacKintrush v. State*, 334 Ark. 390, 978 S.W.2d 293 (1998). Gordon subsequently filed a Rule 37 petition seeking postconviction relief which the circuit court denied. We affirmed the circuit court in *Gordon v. State*, No. CR-96-878 (Ark. Sept. 18, 1997) (unpublished opinion).

On June 24, 2013, Gordon filed a petition for writ of habeas corpus pursuant to Ark. Code Ann. § 16-112-118(b)(1)(A)–(B) (Repl. 2006), alleging that he was being held without lawful authority pursuant to *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), and asserting that his sentence to life imprisonment was illegal because he was a juvenile at the

SLIP OPINION

time of the offense. Gordon further asserted that the Crittenden County Circuit Clerk entered the wrong birth date on his judgment and commitment order having stated that his birthday was August 18, 1976. However, Gordon claimed that his birthday was August 18, 1977, which would make Gordon seventeen years old and a juvenile at the time of the offense. Gordon attached as an exhibit to his petition a certified copy of his birth certificate, which reflected that his birth date was August 18, 1977.

Gordon cites *Miller* as his basis for relief, wherein the United States Supreme Court held that the mandatory life-without-the-possibility-of-parole sentence was unconstitutional as to juveniles. In *Miller*, the Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders. . . . Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Miller*, ___ U.S. at ___, 132 S. Ct. at 2469 (internal quotations and citations omitted). In *Jackson v. Norris*, 2013 Ark. 175, ___ S.W.3d ___, on remand to this court, we severed the language of our capital-murder statute as it applies to juveniles to remove the mandatory sentencing of life without parole, granted Jackson's writ of habeas corpus, and remanded Jackson's case to the circuit court for resentencing to comply with *Miller*. Based on these cases, Gordon asserts that his sentence was illegal on its face.

In his petition, Gordon contended that at the time of the offense, January 28, 1995, pursuant to Ark. Code Ann. § 5-4-601 (Repl. 2006), capital murder was punishable only by

either life imprisonment or death. Thus, Gordon asserted that his life sentence was mandatorily imposed and in violation of *Miller*. Further, Gordon asserted that because *Roper v. Simmons*, 543 U.S. 551 (2005), declared the death penalty an unconstitutional sentence for juveniles convicted of any crime, the remaining sentence, life imprisonment without the possibility of parole, was mandatorily imposed. Gordon further contended that based on *Roper*, life without parole was the only sentence available for a juvenile convicted of capital murder in Arkansas and was mandatorily imposed on him. Gordon asserted that the circuit court should vacate his sentence as unconstitutional and remand it for resentencing pursuant to Ark. Code Ann. § 16-112-117 (Repl. 2006).

On July 29, 2013, appellant, Ray Hobbs, Director of the Arkansas Department of Correction (hereinafter "the State") responded to Gordon's petition with a "Memorandum in Opposition to the Petition." Citing the habeas statutes, the State asserted that it was not required to file a responsive pleading, "a return," unless the circuit court first found that the petition "show[s], by affidavit or other evidence, probable cause to believe [the petitioner] is detained without lawful authority." Although the State maintained that it was not required to file a formal return until the formal probable-cause determination was made, the State "offered this memorandum of authorities to assist the court in that determination." The State responded that Gordon's petition should be denied for two reasons. First, because "Gordon's *Miller* claim is . . . that his sentence was imposed on him by an illegal procedure, . . . a mandatory punishment scheme, his claim is not cognizable under the state habeas-corpus statute." Second, the State responded that even if Gordon's claim was cognizable, he is still

3

not entitled to relief because *Miller* did not apply retroactively.

On August 7, 2013, the circuit court entered a letter opinion, which stated in pertinent

part:

> The Court has received a Petition for Writ of Habeas Corpus on behalf of Ulonzo Gordon. It appears that *Miller v. Alabama*, 132 S. Ct. 2455 (2012), is applicable. Accordingly; *Whiteside v. State*, 2013 Ark. 176, and *Jackson v. Norris*, 2013 Ark. 175, require this Court to grant the Petition of Ulonzo Gordon for habeas relief.

On August 23, 2013, the circuit court granted Gordon's petition and vacated and set

aside Gordon's sentence. The order stated in pertinent part:

> The Court finds that the grant of the writ is compelled by the decision of the United States Supreme Court in *Miller v. Alabama/Jackson v. Hobbs*, 132 S. Ct. 2455 (2012), and of the Arkansas Supreme Court in *Jackson v. Norris*, 2013 Ark. 175. Petitioner Gordon's sentence of life imprisonment without parole is hereby vacated and set aside.
>
> The writ having been granted, the Circuit Court of Crittenden County is hereby reinvested with jurisdiction to conduct resentencing proceedings. Accordingly, matters surrounding the issuance of summons and Respondent's Motion to Quash are moot.

On September 9, 2013, the State filed a motion for reconsideration, asserting that the

circuit court's order was inconsistent with the procedure prescribed in the habeas corpus

statute. The State contended that the order was inconsistent because if the circuit court

believed that Gordon had demonstrated probable cause to believe that Gordon may be

unlawfully detained, the circuit court should "do no more than issue the writ requiring [the

State] to submit a return so that material facts can be ascertained as to the lawfulness . . . of

[Gordon's] custody. In other words, granting the writ at this stage means only that [the State]

should file a return, and, if [the State] disputes the lawfulness of [Gordon's] custody, the Court

4

should conduct a hearing to ascertain material facts." The circuit court did not rule on the motion for reconsideration and it was deemed denied.

The State now brings this appeal and presents three issues for review: (1) the circuit court erred in granting Gordon's habeas petition because the petition failed to demonstrate probable cause to believe he is detained without lawful authority, as claims under *Miller* are not cognizable under the habeas corpus statute; (2) the circuit court erred in granting Gordon's habeas petition because the petition failed to demonstrate probable cause to believe he is detained without lawful authority, as *Miller* does not apply retroactively; and (3) the circuit court's writ was invalid pursuant to Ark. Code Ann. §§ 16-112-103 to -108.

On review, we "will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Reynolds v. State*, 341 Ark. 387, 18 S.W.3d 331 (2000)." *Flores v. State*, 350 Ark. 198, 206, 85 S.W.3d 896, 901 (2002).

For its first point on appeal, the State asserts that Gordon's claim is not cognizable in a habeas proceeding because Gordon's sentencing argument is based on an illegal manner or manner-of-imposition claim and not cognizable in habeas. Citing to *Goins v. Norris*, 2012 Ark. 192, the State contends that this court has made a distinction between the facial invalidity of a judgment from a claim that a sentence was imposed in an illegal manner. The State asserts that Gordon's *Miller* claim is based on the manner in which the sentence was

5

imposed, not an allegation that the sentence was illegal on its face; therefore, the claim is not cognizable in habeas.

Gordon responds that his claim is cognizable as his case is identical to *Jackson* and relief is appropriate. Gordon further responds that there are no other remedies available to correct his unconstitutional mandatory life sentence as error coram nobis and Rule 37 proceedings are not available. Citing Ark. Code Ann. § 16-112-103, Gordon also contends that a sentence that is illegal on its face may be evidenced by "affidavit or other evidence," arguing that a blind reliance on the face of the judgment would be an absurdity and that further inquiry into the exact nature of the sentence is required.

The State replied that habeas relief is a very narrow remedy and that Gordon's claim is simply not cognizable in habeas. The State further contends that Gordon's claim would expand the scope of remedies under current habeas law and would require the court to go to the record to grant relief which is a "textbook example of a claim that is not cognizable under the habeas-corpus statute." Finally, the State replies that Gordon ignores the other forum available to him for relief – federal habeas corpus relief.

At issue is whether Gordon's claim is cognizable in habeas corpus proceedings. We turn to our habeas law to review the circumstances under which habeas relief is cognizable. First, Ark. Code Ann. § 16-112-103 (Repl. 2006), provides in pertinent part:

> (a)(1) The writ of habeas corpus shall be granted . . . to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted.

6

Our case law interpreting the habeas statutes provides: "[A] writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause." *Davis v. Reed*, 316 Ark. 575, 577, 873 S.W.2d 524, 525 (1994). Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Birchett v. State*, 303 Ark. 220, 795 S.W.2d 53 (1990). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" he is illegally detained. Ark. Code Ann. § 16–112–103. *See Wallace v. Willock*, 301 Ark. 69, 781 S.W.2d 484 (1989); *see also Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991).

In *Simpson v. Sheriff of Dallas County*, 333 Ark. 277, 968 S.W.2d 614 (1998), we explained:

> Chief Justice John Marshall once referred to the writ of habeas corpus as the "great writ," *Ex parte Bollman*, 4 Cranch 75, 95, 2 L. Ed. 554 (1807), and the writ "has been for centuries esteemed the best and only sufficient defence of personal freedom." *Ex parte Yerger*, 8 Wall. 85, 95, 19 L. Ed. 332 (1868). Justice George Rose Smith observed nearly fifty years ago that the "extraordinary remedy" of the writ of habeas corpus may "be invoked when no other effective means of relief is at hand." *Haller v. Ratcliffe*, 215 Ark. 628, 629, 221 S.W.2d 886, 887 (1949).

*Id*. at 283–84, 968 S.W.2d at 617–18.

In *Jackson*, *supra*, upon remand from the United States Supreme Court, we issued a writ of habeas corpus to correct Jackson's illegal sentence based on *Miller*. Subsequent to *Jackson*, in *Whiteside v. State*, we addressed Whiteside's *Miller* claim on direct review and dismissed the State's argument that Whiteside's argument was not preserved for review and explained:

We disagree that Whiteside failed to properly preserve this issue, as he argued, both at trial and in *Whiteside I*, that a life sentence without parole under the circumstances of his case was unusual, excessive, and in violation of his rights under the Eighth Amendment to the United States Constitution. However, regardless of whether Whiteside properly preserved his *Miller* claim, we agree with his assertion that the imposition of a void or illegal sentence is subject to challenge at any time. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002). Sentencing in Arkansas is entirely a matter of statute, and where the law does not authorize the particular sentence imposed by a trial court, the sentence is unauthorized and illegal. *State v. Joslin*, 364 Ark. 545, 222 S.W.3d 168 (2006). According to the Supreme Court's decision in *Miller*, the mandatory life-without-parole sentence that Whiteside received pursuant to Ark. Code Ann. § 5-10-101(c) is illegal under the Eighth Amendment to the United States Constitution. Thus, because the issue in this case involves a void or illegal sentence, it can be addressed for the first time on appeal. *Thomas*, *supra*.

2013 Ark. 176, at 2, ___ S.W.3d ___, ___.

Finally, in *Murry v. Hobbs*, 2013 Ark. 64 (per curiam), Murry filed a petition for writ of habeas corpus asserting that his sentence was illegal under *Miller*. We declined to issue a writ of habeas corpus holding that "[b]ecause [Murry's] life sentence was not mandatory, but was instead chosen from a range of possible punishments, he cannot demonstrate that his sentence is illegal under *Miller*." *Id*. at 4. We did not hold that the petition for writ of habeas corpus was not cognizable in habeas proceedings; rather, we dismissed the petition on the merits. *See also Smith v. State*, 2014 Ark. 204 (citing *Jackson* and *Murry* in affirming the circuit court's denial of the merits of Smith's petition for writ of habeas corpus seeking relief pursuant to *Miller*).

Here, Gordon asserts that based on *Miller* and because he was a juvenile when he was sentenced, his sentence is illegal. Based on our discussion above, we hold that Gordon's claim is cognizable in habeas proceedings because we have previously held that such claims are cognizable and are appropriate for the writ of habeas corpus. Therefore, we do not find merit

in the State's argument that Gordon's claim is not cognizable in habeas.

We turn next to the State's assertion that the circuit court failed to issue the writ in compliance with Ark. Code Ann. §§ 16-112-103 to -108 (Repl. 2006). Specifically, the State contends that pursuant to Ark. Code Ann. § 16-112-101, the prescribed protocol in granting a petition for writ of habeas corpus is mandatory, not discretionary, and must be followed. The State further contends that the "writ is a mechanism by which a prisoner who has demonstrated probable cause is brought before the court in order for the warden to justify the challenged confinement." Finally, the State asserts that instead of transferring Gordon's case for resentencing, the circuit court should have ordered the State to file a "return," justify the confinement, and address the issue of Gordon's accurate age. In sum, the State asserts that the circuit court bypassed the mandated procedures, failed to issue the writ to the State, and erroneously granted relief from the underlying commitment.

Gordon responds that there is no material fact in dispute and no need for the circuit court to conduct a trial of the writ as to material facts. Gordon further responds that by filing a response to Gordon's petition, the State was undisputedly served with the summons and petition, and received adequate notice. Thus, the service of the summons, the petition and the response "fulfilled the purpose of the 'return' requirement in the habeas statute." Gordon also asserts that even if the statutes were not followed, the State has failed to demonstrate undue hardship or injury. Finally, Gordon responds that the principles of judicial economy and efficiency support his position.

Arkansas Code sections 16-112-101 to -208 govern Gordon's petition and provide the

SLIP OPINION

procedure for habeas corpus applications. Ark. Code Ann. § 16-112-101 provides that "the writ of habeas corpus *shall* be issued, served, and tried in the manner prescribed in this chapter, Title 16, Practice Procedure and Court." (Emphasis added). Next, Ark. Code Ann. § 16-112-103(a)(1) provides that "[t]he writ of habeas corpus shall be granted . . . to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority." In interpreting a statute, we construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Walden v. State*, 2014 Ark. 193, at 4, ___ S.W.3d ___, ___. The word "shall" has been consistently construed by this court to mean mandatory compliance. *Aikens v. State*, 368 Ark. 641, 249 S.W.3d 788 (2007) (citing *Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003)).

We have interpreted these statutes and explained that,

> [t]he great object of the writ is the liberation of those who may be imprisoned without sufficient cause, and to deliver from unlawful custody. . . .[I]ts object is to require the person who answers it to show upon what authority he detains the prisoner.

*State ex rel. Ark. Indus. Co. v. Neel*, 48 Ark. 283, 289, 3 S.W. 631, 633 (1887).

Here, the record demonstrates that the circuit court issued the writ; however, the circuit court did not make a finding of probable cause to issue the writ as prescribed in Ark. Code Ann. § 16-112-103(a)(1). Although the circuit court may have implicitly found that Gordon's petition evidenced probable cause to issue the writ, the record demonstrates that a probable cause finding was not made. The habeas procedures make clear that the circuit court must first make this probable-cause finding prior to moving forward with the remaining

10

habeas procedures.

Accordingly, pursuant to our discussion above, a determination of whether probable cause is shown must be made for the circuit court to issue the writ. Therefore, we remand the matter to the circuit court for such finding and any further proceedings required by our habeas statutes. Because we have reversed and remanded on this point, we do not reach the remaining point on appeal.

Reversed and remanded for proceedings consistent with this opinion.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellant.

*D'Lorah L. Hughes*; and *Jeff Rosenzweig*, for appellee.