Rhonda K. Wood, Justice, dissenting. The majority has reversed and remanded without ruling whether Miller v. Alabama applies retroactively. The basis for the majority’s decision is our opinion in Hobbs v. Gordon, 2014 Ark. 225, 434 S.W.3d 364. I dissent because Gordon does not control this case. In Gordon, there was a legitimate dispute as to the petitioner’s age at the time of the offense. The age listed on his birth certificate was different from the age listed on his judgment and commitment order. Gordon, 2014 Ark. 225, at 2, 434 S.W.3d at 365-66. If the former age was accurate, the petitioner was entitled to relief; if the latter age was accurate, he was not. The circuit court, however, without addressing this discrepancy, granted substantive relief in the form of resentencing. But in this case there is no dispute about the petitioner’s age. No party has asserted that the age listed on the judgment and commitment order was inaccurate, nor were there competing birth dates. In addition, the State essentially conceded at the hearing that the petitioner was underage when he committed his crimes: IsCouRt: Is there a dispute regarding the fact that ... Grubbs[1] and Hodges [sic ] were under the age of eighteen at the time of the offense? Is that disputed? Mr. Rosenzweig says it’s not disputed. State: Well, if we ultimately say it was acceptable in a probable cause hearing, we would want to have a certified vital record proving their age. But, ultimately, we do believe that they were underage at the time. This is much different from Gordon, where the parties contested the petitioner’s age with two competing documents. Here, no documents suggested an age discrepancy. Moreover, everyone at the hearing in front of the circuit court, from the State to the petitioners, thought the only issue the court had to decide was whether Miller applied retroactively; the circuit court addressed this issue in its order; and unlike Gordon, the State never filed a motion for reconsideration after that order was entered. I would therefore address the merits of this appeal and decide whether Miller applies retroactively. Wynne, J., joins. . The circuit court considered petitions from both Hodge and James Grubbs at the same hearing. See Hobbs v. Grubbs, 2015 Ark. 205, 2015 WL 2330150.