2016 Ark. 80

**Robert J. MOTEN, Appellant**

v.

**Wendy KELLEY, Director, Arkansas
Department of Correction,
Appellee**

No. CV–15–782

Supreme Court of Arkansas.

Opinion Delivered February 25, 2016

Robert J. Moten, pro se appellant.

Leslie Rutledge, Att'y Gen., by: Kristen C. Green, Ass't Att'y Gen., for appellee.

PER CURIAM

In 2010, in a bench trial, appellant Robert J. Moten was found guilty of first- and second-degree battery and sentenced to an aggregate term of 264 months' imprisonment. Moten's sole point on direct appeal was that he was denied the right to a trial by jury. The Arkansas Court of Appeals held that Moten had knowingly, intelligently, and voluntarily waived that right and affirmed the judgment. *Moten v. State*, 2011 Ark. 417, 2011 WL 4635029.

Moten, who is incarcerated at a unit of the Arkansas Department of Correction in Lincoln County, filed a petition for a writ of habeas corpus and for declaratory judgment in the Lincoln County Circuit Court on March 31, 2015.[1] The petition was dismissed with respect to the claims for declaratory judgment and denied as to the claims for a writ of habeas corpus. Moten brings this appeal.

Moten does not raise any argument on appeal pertaining to the dismissal of his petition for declaratory judgment. Issues raised in the petition below, but not raised in this appeal, are considered abandoned. *Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107.

A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id.*

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark.Code Ann. § 16–112–103(a)(1) (Repl. 2006). The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416, 2013 WL 5775566.

Moten argued in his habeas petition that the trial court lacked jurisdiction in his case because he was not afforded a trial by jury. In this appeal, his sole contention for reversal of the circuit court's order is that the circuit court erred in its decision that he did not establish that the trial court was without jurisdiction.

Article 2, Section 10 of the Arkansas Constitution recognizes the right to trial by jury provided by the Sixth Amendment to the United States Constitution, but it also directs that a jury trial may be waived by the parties in the manner prescribed by law. *Johnson v. State*, 314 Ark. 471, 868 S.W.2d 42 (1993). Here, the court of appeals noted in its decision on direct appeal that Moten had waived his right to a jury trial under Arkansas Rule of Criminal Procedure 31.2 (2015), both in writing and through defense counsel on the record in open court. The prosecutor assented to the waiver in accordance with Arkansas Rule of Criminal Procedure 31.1 (2015), and the trial court assented to it. *Moten*, 2011 Ark. 417, at 6, 2011 WL 4635029. The provisions allowing Moten to waive

1. As of the date of this opinion, Moten remains incarcerated in Lincoln County.

trial by jury did not deprive the trial court of jurisdiction over the person or the subject matter of the criminal proceeding. *See id.*

As Moten failed to establish that the judgment was invalid on its face or that the trial court lacked jurisdiction in his case, he did not state a ground for a writ of habeas corpus. Accordingly, we affirm the circuit court order.

Affirmed.