# SUPREME COURT OF ARKANSAS

**No.** CV-17-672

| | |
|---|---|
| CARL PRINCE | **Opinion Delivered** November 16, 2017 |
| APPELLANT | MOTION FOR RULE ON CLERK |
| V. | |
| WENDY KELLEY, DIRECTOR | DISSENTING OPINION. |
| APPELLEE | |

**JOSEPHINE LINKER HART, Justice**

I refuse to join the majority's disposal of this matter by syllabus entry. In my view, this disposition could be interpreted as part of a systematic effort to thwart Mr. Prince's access to a writ of habeas corpus. That we cannot do.

Although Mr. Prince's filing is styled "Pro Se Motion for Rule on the Clerk,"[1] it is actually a request that this court assume jurisdiction over his petition for a writ of habeas corpus. It states:

> 1. Comes now Carl Prince (in pro-se) as a habeas applicant needing this honorable court to take jurisdiction of his habeas petition.
>
> 2. No Circuit Court has been able to accept jurisdiction due to multiple transfers to separate prison units by the Arkansas Department of Correction.
>
> 3. Prince's habeas petition has merit as there is no state statute authorizing the "split" sentence he is being detained on.

---

[1] A motion for rule on clerk is a mechanism provided by Arkansas Supreme Court Rule 2-2 whereby this court can deal with records and other filings that are untimely tendered.

WHEREFORE This motion properly requests a Rule on Clerk authorizing filing of the habeas petition and affidavit of indigency.

Requesting this court to take jurisdiction of his habeas petition is eminently reasonable. There is both constitutional authority and statutory authority for this court taking jurisdiction of Mr. Prince's case. Article 7, section 4, of the Arkansas Constitution gives this court full power to issue writs of habeas corpus, as does the Arkansas habeas statute, Arkansas Code Annotated § 16-112-102(a)(1) (Repl. 2016). While dismissing Mr. Prince's habeas petition may be expedient, it does not comport with even the most rudimentary concept of justice.

In *Simpson v. Sheriff of Dallas County*, 333 Ark. 277, 968 S.W.2d 614 (1998), this court expressed a more fitting appreciation for the writ of habeas corpus. The *Simpson* court noted that in *Ex parte Bollman*, 4 Cranch 75, 95 (1807), Chief Justice John Marshall referred to the writ of habeas corpus as the "great writ," and further noted that in *Ex parte Yerger*, 8 Wall. 85 (1868), Chief Justice Salmon P. Chase wrote that the writ "has been for centuries esteemed the best and only sufficient defense of personal freedom." It is disconcerting that this court now demonstrates so little regard for the great writ that it has reduced Mr. Prince's search for a court to hear his petition to something akin to the children's game of "keep away."

In my view, justice demands that this court either assume jurisdiction of Mr. Price's habeas petition for the purpose of deciding it on the merits or simply transfer it to the circuit court in the county in which Mr. Prince is incarcerated. Dismissing his petition for expediency's sake is abrogating this court's responsibility as a guarantor of justice.

I respectfully dissent.

BAKER, J., joins.