Cite as 2020 Ark. 228

# SUPREME COURT OF ARKANSAS

No. CV-19-723

| | |
|---|---|
| ROUTY W. ABERNATHY | Opinion Delivered: June 4, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE LINCOLN |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 40CV-19-77] |
| WENDY KELLEY, DIRECTOR, | |
| ARKANSAS DEPARTMENT OF | HONORABLE JODI RAINES |
| CORRECTION | DENNIS, JUDGE |
| APPELLEE | |
| | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Routy W. Abernathy appeals from the denial and dismissal of his pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Abernathy stated no ground in the petition on which the writ could issue under Arkansas law, we affirm the circuit court's order.

## I. *Background*

In 2009, a jury found Abernathy guilty of two counts of the rape of two children. He was sentenced to an aggregate term of sixty years' imprisonment. The Arkansas Court of Appeals affirmed. *Abernathy v. State*, 2009 Ark. App. 702. In 2019, Abernathy filed the petition for writ of habeas corpus in the county where he is incarcerated, alleging that (1) the sentence imposed on him was excessive and based on "junk science"; (2) inadmissible testimony was allowed in the sentencing phase of his trial from a third child about sexual

conduct that was never proved and for which he was never charged; and (3) he was denied the right to allocution before the sentence was imposed. He reiterates the same three points on appeal.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacks jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), seeking scientific testing of evidence, must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the

commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claim of an Excessive Sentence*

Abernathy was sentenced to thirty years' imprisonment on each of the two counts of rape. Rape is a Class Y felony. Ark. Code Ann. § 5-14-103(c)(1) (Repl. 2006). Under Arkansas Code Annotated section 5-4-401(a)(1) (Repl. 2006), a Class Y felony is punishable by a sentence of not less than ten years nor more than forty years, or life. In accordance with Arkansas Code Annotated section 5-4-403(a) (Repl. 2006), the trial court had authority to exercise its discretion and order that the sentences imposed on Abernathy be served consecutively. We have rejected the argument that imposition of consecutive sentences is cruel and unusual punishment. *See Thompson v. State*, 280 Ark. 265, 658 S.W.2d 350 (1983) (holding that the cumulative effect of consecutive sentences does not make punishment cruel and unusual). Accordingly, the sixty-year sentence imposed on Abernathy was a legal sentence.

Abernathy's allegation that the length of the sentence was based on junk science pertaining to the proclivities of sex offenders amounted to a challenge to the statutes under which he was sentenced that would require the circuit court to go behind the face of the judgment to determine if there was error in the trial proceeding. Likewise, Abernathy's assertion that the harshness of his sentence was unfairly based on the testimony of a third child who testified under the "pedophile exception" to Arkansas Rule of Evidence 404(b)(2004) was a claim that inadmissible evidence was admitted at trial; that is, it was a claim of trial error. Trial error is not a ground for the writ. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44. The issues of trial error raised by Abernathy in his petition for the writ could have been raised in the trial court and settled there. *Johnson v. State*, 2018 Ark. 42, 538 S.W.3d 819. A habeas proceeding is not another opportunity to raise claims of trial error because assertions of trial error and due-process or equal-protection claims do not call into question the facial validity of the judgment or the jurisdiction of the trial court. *See King v. Kelley*, 2018 Ark. 147; *see also Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503 (Due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court.).

V. *Claim of Denial of Right of Allocution*

Abernathy also contends that the writ should issue because the trial court informed him that it accepted the jury's recommended sentence without affording him his right of

allocution as required by Arkansas Code Annotated section 16-90-106(b) (Repl. 2006).[1]

We have held that a violation of section 16-90-106 does not implicate the trial court's

jurisdiction or render a sentence illegal. *See Johnson v. Kelley*, 2019 Ark. 230, 577 S.W.3d

710. Abernathy's allegation that he was denied the right of allocution could have been

raised at trial, and it does not state a ground for the writ.

Affirmed.

Special Justice LYN P. PRUITT joins in this opinion.

HART, J., not participating.

*Routy W. Abernathy*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.

---

[1]In his statement of facts at the opening of his brief, Abernathy states that the trial court informed him that he had a right of allocution: "You have a right of allocution if you want to say anything about this case or have anything to say about this matter at this time you may do so." Abernathy further states that he "didn't say anything, because the allocution served no purpose for him, since the jury had been already been excused." Abernathy appears to contend that the jury's absence denied him his right of allocution.