2013 Ark. 176

**Lemuel Session WHITESIDE,
Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–1200.**

Supreme Court of Arkansas.

April 25, 2013.

J. Thomas Sullivan and Mark F. Hampton, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by Vada Berger, Ass't Att'y Gen., for appellee.

CLIFF HOOFMAN, Justice.

This case, which involves the mandatory imposition of a life sentence without parole on a juvenile defendant convicted of capital murder, comes to us on remand from the United States Supreme Court. In *Whiteside v. State*, 2011 Ark. 371, 383 S.W.3d 859, *vacated*, —— U.S. ——, 133 S.Ct. 65, 183 L.Ed.2d 708 (2012) (*Whiteside I*), this court affirmed Lemuel Whiteside's convictions for capital murder and aggravated robbery. Therein, we also rejected Whiteside's arguments that his sentence of life without parole violated his rights under the Eighth Amendment to the United States Constitution and article 2, section 9 of the Arkansas Constitution because he was a juvenile at the time of the offense; that the imposition of a mandatory life-without-parole sentence is void and illegal because it violated his statutory and constitutional right to a jury trial; and that the violation of his right to jury sentencing under Arkansas law also violated his due-process rights guaranteed by the Fourteenth Amendment of the United States Constitution. Whiteside filed a petition for a writ of certiorari to the United States Supreme Court, which was granted.[1] The Supreme Court vacated this court's original judgment and has remanded the case for further consideration

in light of its recent decision in *Miller v. Alabama*, —— U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). This procedure is commonly referred to as a "GVR," which stands for "grant certiorari, vacate the judgment below, and remand the case." *Lawrence ex. rel. Lawrence v. Chater*, 516 U.S. 163, 165, 116 S.Ct. 604, 133 L.Ed.2d 545 (1996) (per curiam).[2] Pursuant to the mandate from the Supreme Court, we now reconsider our decision in *Whiteside I* in light of *Miller v. Alabama, supra.*[3]

The following is a brief recitation of the relevant facts presented in *Whiteside I*. Whiteside was charged with capital murder and aggravated robbery in connection with the robbery and death of James London on January 28, 2009. According to the evidence presented at trial, Whiteside, who was seventeen years old at the time of the offense, planned the robbery after learning that London was visiting his mother at the Whiteside family residence and had a significant amount of money in his possession from a tax refund. Whiteside gave another juvenile, Cambrin Barnes, a handgun, and the two juveniles attempted to rob London outside the residence. When London refused to give up his money and lunged toward Barnes, Barnes fired a single shot and killed London. Both juveniles were charged with capital-felony murder, although Barnes pleaded guilty to a lesser offense in return for a negotiated-sentence recommendation of forty years.

---

1. *Whiteside v. Arkansas*, —— U.S. ——, 133 S.Ct. 65, 183 L.Ed.2d 708 (2012).

2. In *Lawrence*, the Supreme Court stated that a GVR is appropriate "[w]here intervening developments, or recent developments that we have reason to believe the court below did not fully consider, reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consider-

ation, and where it appears that such a redetermination may determine the ultimate outcome of the litigation." *Id.* at 167, 116 S.Ct. 604.

3. We note that Whiteside's convictions for capital murder and aggravated robbery were properly affirmed in *Whiteside I*'s on independent state-law grounds and are not at issue in this proceeding.

Whiteside proceeded to a jury trial and was convicted of both charges. He received a mandatory sentence of life imprisonment without parole for his capital-murder conviction pursuant to Ark.Code Ann. § 5–10–101(c) (Supp.2007)[4] and a thirty-five-year sentence for his aggravated-robbery conviction. Whiteside's sentence was also enhanced by fifteen years due to his use of a firearm during the robbery.

The relevant question in the current case is whether Whiteside's mandatory sentence of life without parole under Ark. Code Ann. § 5–10–101(c) is prohibited by the Supreme Court's decision in *Miller v. Alabama, supra*. In *Miller*, the majority held that the Eighth Amendment to the United States Constitution prohibits a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders in homicide cases. Basing its decision on precedent reflecting its concern with proportionate punishment and with the distinctive attributes of youth offenders, the Supreme Court held that "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." *Id.* at 2475.

Both Whiteside and the State agree that the holding in *Miller* prohibits the mandatory life sentence without parole that Whiteside received in this case as a result of his capital-murder conviction. However, the State contends that any claim that Whiteside has pursuant to *Miller* is procedurally barred because he did not raise the precise argument at issue here either at trial or on appeal, which is that his sentence violated the Eighth Amendment by virtue of its being mandatory.

We disagree that Whiteside failed to properly preserve this issue, as he argued, both at trial and in *Whiteside I,* that a life sentence without parole under the circumstances of his case was unusual, excessive, and in violation of his rights under the Eighth Amendment to the United States Constitution. However, regardless of whether Whiteside properly preserved his *Miller* claim, we agree with his assertion that the imposition of a void or illegal sentence is subject to challenge at any time. *Thomas v. State,* 349 Ark. 447, 79 S.W.3d 347 (2002). Sentencing in Arkansas is entirely a matter of statute, and where the law does not authorize the particular sentence imposed by a trial court, the sentence is unauthorized and illegal. *State v. Joslin,* 364 Ark. 545, 222 S.W.3d 168 (2006). According to the Supreme Court's decision in *Miller,* the mandatory life-without-parole sentence that Whiteside received pursuant to Ark.Code Ann. § 5–10–101(c) is illegal under the Eighth Amendment to the United States Constitution. Thus, because the issue in this case involves a void or illegal sentence, it can be addressed for the first time on appeal. *Thomas, supra.*

Furthermore, by its argument that we should not address Whiteside's *Miller* claim, the State ignores precedent holding that when a Supreme Court decision results in a "new rule," that rule applies to all criminal cases still pending on direct review. *Schriro v. Summerlin,* 542 U.S. 348, 351, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (citing *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). Because our decision in *Whiteside I* was vacated and remanded by

---

**4.** Although Ark.Code Ann. § 5–10–101(c) authorizes a punishment of either life without parole or death for capital murder, the Supreme Court invalidated the death penalty for all juvenile offenders under the age of eighteen in *Roper v. Simmons,* 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), thereby making it mandatory for the jury to impose a life sentence without parole on a juvenile convicted of capital murder in Arkansas.

the Supreme Court, Whiteside's case is still in the direct-review process, and this court is thus required to apply the holding in *Miller* to his case.

Because both parties agree that there is currently no authorized sentence for a juvenile convicted of capital murder under Arkansas law subsequent to *Roper* and *Miller*, the next issue is how this court should proceed in correcting Whiteside's sentence. Whiteside contends that we should modify his conviction to first-degree murder, sentencing him to the statutory minimum of ten years for that lesser offense, and cites multiple cases in which we have modified the judgment of the trial court on appeal. However, as the State contends, in all these cases, the modification was specifically directed at curing the error that this court concluded existed in that case. *See, e.g., Hudgens v. State*, 324 Ark. 169, 919 S.W.2d 939 (1996) (modifying sentence and reinstating original punishment when no new facts overcame presumption of vindictiveness in trial court's increased sentencing following reversal); *Midgett v. State*, 292 Ark. 278, 729 S.W.2d 410 (1987) (reducing conviction from first-degree murder to second-degree murder where evidence was insufficient to sustain conviction on greater offense). Here, there is no issue with the sufficiency of the evidence supporting Whiteside's capital-murder conviction, as we affirmed his conviction in *Whiteside I.* Rather, the only issue before us is the proper sentence to be imposed for this conviction. Thus, the cases cited by Whiteside are distinguishable from the present case, and we decline to modify his conviction for capital murder. *See Buckley v. State*, 349 Ark. 53, 63, 76 S.W.3d 825, 831 (2002) (holding that the jury should be permitted to decide a sentence in a case where a defendant's conviction has been affirmed but only the sentence has been reversed).

The State asserts that this court should sever the unconstitutional language in Ark. Code Ann. § 5–10–101(c) as applied to juveniles convicted of capital murder and that we should remand the case for Whiteside to be resentenced on his conviction under the sentencing range provided for a Class Y felony, in accordance with the remaining language in subsection (c). We agree with the State that this is the proper approach, as we adopted this procedure in another case involving the same issue, *Jackson v. Norris*, 2013 Ark. 175, 426 S.W.3d 906, 2013 WL 1773087, which is being handed down this same date.

In *Jackson*, which was a companion case to *Miller v. Alabama, supra*, the Supreme Court reversed and remanded this court's decision affirming the dismissal of Jackson's petition for habeas corpus, in which he challenged on Eighth Amendment grounds his mandatory sentence of life in prison without the possibility of parole for his capital-murder conviction. *Miller*, —— U.S. at ——, 132 S.Ct. at 2475. On remand in *Jackson*, this court analyzed the language in our capital-murder statute, Ark.Code Ann. § 5–10–101, and held that the constitutional infirmity subsequent to the *Miller* decision was found only in subsection (c), which pertains to disposition. *Jackson*, 2013 Ark. at 4, 426 S.W.3d at 908. This subsection states,

> (c)(1) Capital murder is punishable by death or life imprisonment without parole pursuant to §§ 5–4–601–5–4–605, 5–4–607, and 5–4–608.
>
> (2) For any purpose other than disposition under §§ 5–4–101—5–4–104, 5–4–201—5–4–204, 5–4–301—5–4–308, 5–4–310, 5–4–311, 5–4–401—5–4–404, 5–4–501—5–4–504, 5–4–601—5–4–605, 5–4–607, and 5–4–608, capital murder is a Class Y felony.

Ark.Code Ann. § 5–10–101(c) (Repl.2007).

Citing both statutory and case law that authorize this court to sever statutory lan-

guage where appropriate to cure constitutional deficiencies, this court found that the offending language in subsection (c)(1), as well as the introductory clause in subsection (c)(2), could be struck without defeating the entirety of the capital-murder statute.[5] *Jackson, supra.* Thus, as applied to juveniles, subsection (c) would read, "capital murder is a Class Y felony."[6] We held that this was consistent with the intent of the legislature, as the Arkansas Code specifically permits severance of provisions that are invalid or unconstitutional. *See* Ark.Code Ann. § 1–2–117, § 1–2–205 (Repl.2008). Thus, we held that Jackson's sentence for capital murder should be vacated and that he should be resentenced under the statutorily authorized sentence for a Class Y felony, which is ten to forty years or life under Ark.Code Ann. § 5–4–401(a)(1). *Jackson, supra.* We stated that this discretionary sentencing range is |₈acceptable under *Miller*, as long as on remand the jury is given the opportunity to take into account the offender's "age, age-related characteristics, and the nature of his crime." *Id.* at 6, 426 S.W.3d at 907. (quoting *Miller*, 132 S.Ct. at 2475).

■ In the present case, as in *Jackson*, we find that Whiteside's capital-murder sentence should be reversed and remanded for resentencing under the discretionary range for a Class Y felony, as provided in Ark.Code Ann. § 5–4–401(a)(1) (Repl. 2006). We also direct that a sentencing hearing be held in which Whiteside may present for the jury's consideration any mitigating evidence as provided in *Miller.*

We thus reject the State's alternative argument that this court can sever the "without parole" language in Ark.Code Ann. § 5–10–101(c)(1), leaving Whiteside with a mandatory life sentence. As we noted in *Jackson*, this would not permit consideration by the jury of the required *Miller* evidence. *Id.* at 7, 426 S.W.3d at 910.

Whiteside argues that if this court remands for resentencing on his capital-murder conviction, he should also be entitled to resentencing on his aggravated-robbery conviction and its enhancement as well. He contends that Ark.Code Ann. § 16–97–101 (Repl.2006), requires "the jury," and not two different juries, to impose punishment in a case. We agree with the State that there is no merit to this argument, as there is nothing in this statute that requires the same jury to resentence a defendant for each conviction even after the case has been remanded. In fact, if Whiteside's argument was correct, then this statute would prohibit all remands for resentencing. We rejected such a strained reading of section 16–97–101 in *Buckley v. State, supra*, where we held that the defendant was not prejudiced merely because |₉a new jury sentenced him after his original sentence was reversed and remanded. We also find no merit to Whiteside's contention that, because aggravated robbery is an element-included offense of capital murder, that the jury's punishment decision is necessarily a "unitary determination." He cites no persuasive authority in support of his contention, and as the State asserts, Ark.Code Ann. § 5–1–110(d)(1)(A) (Supp.2007) expressly provides for the entry of separate convictions and sentences

---

**5.** Although the decision in *Jackson* involved the 1997 version of the capital-murder statute, instead of the 2007 version that is applicable in Whiteside's case, only the organization, not the relevant statutory language, in subsection (c) was amended.

**6.** We also held in *Jackson* that the same severance analysis could be applied to Ark.Code Ann. § 5–4–104(b) and Ark.Code Ann. § 5–4–615, so that the penalty in those statutes would not apply to juvenile defendants convicted of capital murder under Ark.Code Ann. § 5–10–101.

for these offenses. Whiteside's sentence for aggravated robbery, as well as his sentence enhancement for the use of a firearm, is authorized by statute and is not affected by the decision in *Miller*. Thus, these sentences are still valid, and we remand only the sentence for his capital-murder conviction.

In his last argument, Whiteside reasserts his contention raised in *Whiteside I* that the imposition of a life sentence without parole violates the Eighth Amendment in the absence of proof of his intent to kill. He urges this court to now reconsider his argument in light of *Miller*. We decline to do so, as the majority's decision in *Miller* did not address this particular issue and instead focused on the mandatory nature of the life sentence that the defendants in that case received. Moreover, as we stated in *Jackson*, it is premature to consider whether a life sentence would be permissible in this case given that such a sentence is only one of the possible options before the jury during resentencing. *Jackson*, 2013 Ark. at 9, 426 S.W.3d at 911. Thus, we reaffirm our decision in *Whiteside I* on all points raised by Whiteside in that appeal, with the exception of his sentence for capital murder. We reverse and remand Whiteside's capital-murder sentence to the circuit court for resentencing within the discretionary statutory sentencing range for a Class Y felony, and we instruct the circuit court to hold a sentencing hearing where Whiteside can present *Miller* evidence for consideration.

Affirmed in part; reversed and remanded in part.

DANIELSON, J., concurs.