JOSEPHINE LINKER HART, Justice hBy per curiam opinion handed down on January 14, 2016, this court denied Brian F. Ward’s pro se petition for a -writ of error coram nobis. However, in the same opinion, this court held that Ward’s sentence, fifteen years in the Arkansas Department of Correction plus fifteen years suspended imposition of sentence, was illegal. We remanded this case to the circuit court for resentencing. On remand, the circuit court imposed the same sentence and Ward appealed. He argues that the circuit court erred in refusing to follow this court’s order and mandate in Ward v. State, 2016 Ark. 8, 479 S.W.3d 9, (Ward I), to sentence him on his second-degree sexual-assault conviction. We reverse and remand. Upon remand, a sentencing hearing was held. Ward asserted that when the supreme court handed down its decision, pursuant to Arkansas Supreme Court Rule 2.3, the State had eighteen days in which to ask for a rehearing to correct any error of law or fact, and the eighteen days had elapsed without a petition for rehearing being filed. Consequently, he l2argued further, the mandate rule prohibited the circuit court from deviating from the appellate court’s mandate. Accordingly, the supreme court’s decision that Ward’s sentence cannot exceed twenty years had to be followed because of the mandate rule. The State asserted that Ward’s status as a habitual offender was acknowledged by the supreme court in its decision. It argued that, consequently, it would not be “inconsistent” for the circuit court to sentence Ward up to the maximum allowed by statute: thirty years. The circuit court agreed with the State. It asserted that “the supreme court, with all their power, cannot change the statute.” It then “remiposed” the sentence that the supreme court had held was illegal. The circuit court stated further that I understand there is some question about whether or not I am or am not following the supreme court’s mandate. And Again, they created this problem. They’re gonna have to explain what it is ... And I may be disregarding the mandate. They’re going to have to tell me that. My understanding of the mandate is I’m required to resentence him within the statutory range, and the statutory range for a Class B felony with a small habitual is five to 30 years, not five to 20 years. On appeal, Ward argues that the circuit court erred in failing to follow the mandate. He contends that, when this court remands a case with specific instructions in its opinion, the circuit court has no jurisdiction to deviate from our mandate; the circuit court only has authority to execute the mandate. Accordingly, the circuit court may not examine our decision for any purpose. Citing Furnas v. Kimbrell, 2015 Ark. 148, at 9, 464 S.W.3d 116, 122, Ward argues further, that when we review whether a circuit court has followed the mandate on remand, we only determine whether the circuit court followed the instructions in o.ur opinion and the mandate and executed our instructions. Furnas, 2015 Ark. 148, at 9, 464 S.W.3d at 122. We agree. 13It is obvious from the record that, the circuit court looked behind our opinion in Ward I. This exceeded the circuit court’s jurisdiction. On remand, the circuit court was vested with jurisdiction only to the extent conferred by our opinion and mandate. Dolphin v. Wilson, 335 Ark. 113, 983 S.W.2d 113 (1998). Under the limited jurisdiction afforded the circuit court on remand, the correctness of our prior opinion in Ward is not the issue. Because our mandate confers only the limited jurisdiction described previously, the circuit court did not have the power to correct any perceived error.[1] We therefore reverse and remand this case, for the entry of a sentencing order that conforms with Ward I. Reversed and remanded. Kemp, C.J., and Wood and Womack, JJ., dissent. . In our review in Ward I, we had before us the circuit court’s order stating, [T]he Defendant ' had a prior conviction for attempted capital murder in case 60CR-92-3202 and the judgment and commitment order which likewise suggested that Ward had only a “prior” conviction for attempted capital murder. To be a habitual offender under Arkansas Code Annotated'section 5-4-501, a'defendant had to commit more than one felony.