Cite as 2019 Ark. 349

# SUPREME COURT OF ARKANSAS

**No.** CR–19–264

| | | |
|---|---|---|
| LEMUEL WHITESIDE | | **Opinion Delivered:** November 21, 2019 |
| | APPELLANT | |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [60CR-09-1183] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | <u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Lemuel Session Whiteside appeals from the Pulaski County Circuit Court's order denying his motion for a new trial or other relief, in which he sought a new sentencing hearing on his aggravated-robbery conviction. He argues on appeal that his thirty-five-year sentence for aggravated robbery violated the protection afforded him by the United States Constitution because the jury was improperly instructed that it could consider and impose a sentence of life imprisonment contrary to *Graham v. Florida*, 560 U.S. 48 (2010). We affirm.

Whiteside was seventeen years old at the time he committed capital-felony murder and aggravated robbery in connection with the robbery and death of James London. He was initially sentenced to life in prison without parole for the capital murder and thirty-five years in prison for the aggravated robbery; he was also given a fifteen-year sentencing enhancement for employing a firearm in connection with the aggravated robbery. On direct

appeal, this court affirmed. *Whiteside v. State*, 2011 Ark. 371, 383 S.W.3d 859 (*Whiteside I*). However, the Supreme Court of the United States granted his petition for writ of certiorari, vacated the judgment, and remanded to this court for further consideration in light of its recent decision in *Miller v. Alabama*, 567 U.S. 460 (2012). *See Whiteside v. Arkansas*, 567 U.S. 950 (2012). In *Miller*, the Supreme Court held that mandatory life sentences for juvenile offenders violates the Eighth Amendment's prohibition on cruel and unusual punishment.

On remand, this court considered whether Whiteside's mandatory sentence[1] of life without parole under Ark. Code Ann. § 5-10-101(c) (Supp. 2007) was prohibited by the Supreme Court's decision in *Miller, supra. Whiteside v. State*, 2013 Ark. 176, 426 S.W.3d 917 (*Whiteside II*). The case was briefed by the parties and orally argued before this court. This court "reaffirmed" the decision in *Whiteside I* with the exception that the sentence for capital murder was reversed and remanded for a resentencing hearing pursuant to *Miller*. This court rejected Whiteside's arguments that he should also be entitled to resentencing on his aggravated-robbery conviction and its enhancement:[2]

> Whiteside's sentence for aggravated robbery, as well as his sentence enhancement for the use of a firearm, is authorized by statute and is not

---

[1]Whiteside's sentence of life imprisonment was mandatory because the only authorized sentences for capital murder at that time were either life without parole or death, and in *Roper v. Simmons*, 543 U.S. 551 (2005), the Supreme Court invalidated the death penalty for juveniles.

[2]Specifically, he argued that (1) Ark. Code Ann. § 16-97-101 (Repl. 2006) requires "the jury," and not two different juries, to impose punishment in a case; and (2) because aggravated robbery is an element-included offense of capital murder, the jury's punishment decision is necessarily a "unitary determination."

affected by the decision in *Miller*. Thus, these sentences are still valid, and we remand only the sentence for his capital-murder conviction.

*Whiteside II*, 2013 Ark. 176, at 9, 426 S.W.3d at 922.

On remand, on November 13, 2018, the circuit court entered a nunc pro tunc amended sentencing order in which, by agreement of the parties, Whiteside was sentenced to a concurrent term of ten years' imprisonment for the capital murder. The sentences for aggravated robbery and the firearm enhancement were expressly undisturbed and not at issue in the resentencing. However, the order also stated that "Mr. Whiteside's acceptance of this agreement shall not act as a waiver to any appellate rights or rights to collaterally attack his prior convictions in this case." On December 12, 2018, Whiteside filed the motion for new trial or other relief that is at issue in the present appeal. He argued that he was entitled to the retroactive benefit of *Graham v. Florida*, which held that the Eighth Amendment prohibited imposition of a life sentence without a meaningful possibility of parole for a juvenile offender convicted of a nonhomicide offense; that the aggravated-robbery sentencing instruction, which included the option of a life sentence, resulted in a constitutionally flawed sentencing process; and that the error in the sentencing instruction warrants a new sentencing hearing on that conviction. The State filed a response in opposition, essentially arguing that the circuit court had no jurisdiction to reconsider the sentence imposed on the aggravated robbery, and Whiteside filed a reply. The circuit court entered an order denying Whiteside's motion, and this appeal followed.

On appeal, Whiteside argues that his thirty-five-year sentence for aggravated robbery, while within the statutory range, was "imposed illegally" because the circuit court improperly instructed the jury, over the defense's objection, that the applicable sentencing

range was ten to forty years, or life. He relies on the decision in *Graham*, *supra*. He contends that "the jury was engaged in determining punishment in light of two unconstitutional operating premises: that he would be subject to a life sentence on the capital murder charge, and a sentence within the Class Y sentencing range of 10–40 years confinement, or life, on the underlying felony charge of aggravated robbery." Whiteside points out that while the *Graham* issue was raised during trial and rejected by the circuit court, the alleged defect in the sentencing instruction on aggravated robbery was not argued in his direct appeal and has never been addressed by this court. Whiteside characterizes this alleged error as an issue of "illegal sentence" or a "jurisdictional defect" that can be raised at any time. He further argues that the imposition of the aggravated-robbery sentence based on a defective instruction failing to recognize *Graham* violated his right to due process of law in the sentencing process dictated by state law. For this argument, he relies on *Hicks v. Oklahoma*, 447 U.S. 343 (1980), in which the Supreme Court held that affirmance of Hicks's mandatory forty-year sentence that was imposed pursuant to a statute that had since been held unconstitutional violated his right to due process under the Fourteenth Amendment because the state court assumed that a jury also would have sentenced Hicks to forty years, the maximum sentence permitted under the statutory sentencing range.

In his conclusion and prayer for relief, Whiteside asks this court to reverse or vacate both the thirty-five-year sentence for aggravated robbery and the consecutive fifteen-year firearm enhancement[3] imposed by the jury. Further, he requests that this court exercise its

---

[3]Whiteside argues that the fifteen-year firearm enhancement "must be vacated" for various reasons. Suffice it to say, the *conviction* for the underlying felony of aggravated robbery was not reversed, and there is no basis for automatic reversal of the enhancement

4

authority to order the sentence imposed on the aggravated-robbery count to a term of ten years in the Arkansas Department of Correction, commensurate with the ten-year sentence imposed on remand by the circuit court on the capital-murder count, "to avoid the irregularity in imposition of a greater punishment for aggravated robbery than for the capital felony murder predicated on the lesser offense."

The State presents several arguments against reaching the merits in this appeal. First, the State argues that the appeal should be dismissed for lack of jurisdiction. On remand, the circuit court was vested with jurisdiction only to the extent conferred by our opinion and mandate. *Ward v. State*, 2017 Ark. 215, at 3, 521 S.W.3d 480, 482 (citing *Dolphin v. Wilson*, 335 Ark. 113, 983 S.W.2d 113 (1998)). "The mandate is the official notice of action of the appellate court, directed to the court below, advising that court of the action taken by the appellate court, and directing the lower court to have the appellate court's judgment duly recognized, obeyed, and executed." *Ingle v. Ark. Dep't of Human Servs.*, 2014 Ark. 471, at 5–6, 449 S.W.3d 283, 287. This court has explained:

> [T]he "lower court is vested with jurisdiction only to the extent conferred by the appellate court's opinion and mandate." *City of Dover v. Barton*, 342 Ark. 521, 525, 29 S.W.3d 698, 700 (2000) (quoting *Dolphin*, 335 Ark. at 118, 983 S.W.2d at 115). Therefore, the question of whether the lower court followed the mandate is not simply one of whether the lower court was correct in its construction of the case, but also involves a question of the lower court's jurisdiction. *Id.* at 118–19, 983 S.W.2d at 115. Similarly, when a case is remanded for a specific act, the entire case is not reopened, but rather the lower tribunal is only authorized to carry out the appellate court's mandate, and the trial court may be powerless to undertake any proceedings beyond those specified. *Id.* If an appellate court remands with specific instructions,

under Ark. Code Ann. § 16-90-120(d) ("Any reversal of a defendant's conviction for the commission of the felony shall automatically reverse the prison sentence which may be imposed under this section.").

those instructions must be followed exactly, to ensure that the lower court's decision is in accord with that of the appellate court. *Id.*

*Ingle*, 2014 Ark. 471, at 6–7, 449 S.W.3d at 287. In the present case, this court's mandate in *Whiteside II* stated that "it is the decision of the Court that the judgment of the circuit court is affirmed in part; reversed and remanded in part for the reasons set out in the attached opinion." The opinion was very clear that the circuit court was instructed to hold a sentencing hearing for the capital-murder conviction only; the sentence for aggravated robbery and the sentence enhancement for the use of a firearm were expressly found to be "still valid." Thus, the circuit court had no authority to entertain appellant's motion for new trial or other relief concerning the sentence for aggravated robbery and firearm enhancement. Although Whiteside concedes that this court held in *Ward v. State*, 2017 Ark. 215, 521 S.W.3d. 480, that the circuit court exceeded its jurisdiction on remand when it failed to follow this court's mandate, he nonetheless maintains that the point is "academic" since the circuit court denied his motion for new trial; he contends that this denial of relief preserved the error for review.

The bottom line is that Whiteside's *Graham* argument regarding the aggravated-robbery jury instructions could have been raised in *Whiteside I* or *Whiteside II*, but it was not. Instead, he waited until he was resentenced on the capital-murder conviction to raise the issue for the first time in a motion for new trial. This was too late. The circuit court was without jurisdiction to entertain an argument for resentencing on a conviction and sentence that had been affirmed by this court. *See Ward*, *supra*. Thus, the circuit court did not err by denying the motion for new trial or other relief, and we affirm.

Affirmed.

6

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. Both the United States and Arkansas Constitutions guarantee the accused a fair and impartial trial. *See* U.S. Const. amends. V, VI; Ark. Const. art. 2. This includes sentencing proceedings. Separating Whiteside's capital felony-murder conviction (for which he originally received a mandatory sentence of life without the possibility of parole) from his aggravated-robbery conviction (for which he received a sentence of an additional thirty-five years in prison after the jury was told he could be sentenced to up to forty years, or life) defies the reality of sentencing by jury.

At Whiteside's first and only trial, the jury imposed both of these sentences at the same time after considering the same evidence in the same case.[4] The aggravated-robbery conviction was a necessary element of the capital-murder conviction. Any suggestion that the jury's sentencing considerations for these offenses would not have informed each other is simply a farce. Accordingly, even if the thirty-five-year sentence ultimately imposed by the jury for the aggravated-robbery charge was within the applicable sentencing range, he still should have been entitled to resentencing. *See Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203 (remanding for resentencing due to the jury's consideration of a sentencing range authorized by a habitual-offender statute, held to be repealed by implication, when a properly instructed jury might have imposed a lesser minimum sentence under the applicable law). However, after the U.S. Supreme Court reversed this court's affirmances of

---

[4]At trial, the jury was not presented with evidence of the youth factors later determined necessary in *Miller v. Alabama*, 567 U.S. 460 (2012).

7

Whiteside's convictions, this court limited the circuit court's reconsideration of sentencing to just the capital-murder conviction. This was a breakdown in the appellate process.

Whether based upon a violation of *Miller v. Alabama*, 567 U.S. 460 (2012) (prohibiting mandatory life sentences for juvenile offenders) or *Graham v. Florida*, 560 U.S. 48 (2010) (prohibiting life sentences without a meaningful possibility of parole for juvenile offenders convicted of nonhomicide offense), Whiteside should be resentenced on *both* the capital felony-murder and the aggravated-robbery convictions. Allowing Whiteside to be resentenced on only one of these convictions does not reflect a fair and just resolution. To fairly assess this issue, we should consider whether this court would have answered these questions the same way if the jury had instead given Whiteside a bottom-range sentence on the aggravated-robbery conviction (an entirely plausible outcome since the jury was operating under the assumption that Whiteside would already be sentenced to life in prison without the possibility of parole for the capital felony-murder conviction), and it was the State asking this court to allow resentencing for both of Whiteside's convictions.

I dissent.

*J. Thomas Sullivan*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.